No. 21-9001

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

---

HARVEY MIGUEL ROBINSON,
*Appellant*,

v.

SECRETARY, PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
SUPERINTENDENT, PHOENIX SCI; SUPERINTENDENT, ROCKVIEW SCI;
LEHIGH COUNTY DISTRICT ATTORNEY,
*Appellees*.

---

**BRIEF FOR APPELLEE**

---

On Appeal from the United States District Court
for the Eastern District of Pennsylvania

---

JAMES B. MARTIN
District Attorney
JEFFREY D. BURD
Chief Deputy District Attorney
HEATHER F. GALLAGHER
Chief of Appeals

Office of the District Attorney
Lehigh County Court House
455 West Hamilton Street
Allentown, PA  18101
Tel. No. (610) 782-3100

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................2

STATEMENT OF THE ISSUE...........................................................................3

STATEMENT OF THE CASE.............................................................................3

    *a. Procedural Posture*..................................................................................3

    *b. Relevant Facts* .......................................................................................4

SUMMARY OF ARGUMENT ............................................................................7

ARGUMENT .......................................................................................................8

CONCLUSION..................................................................................................11

# **TABLE OF AUTHORITIES**

**Federal Cases:**

Simmons v. South Carolina, 512 U.S. 154 (1994) ...................................................3

Brecht v. Abrahamson, 507 U.S. 619 (1993)..................................................3, 7, 8

Richmond v. Polk, 375 F.3d 309, 334-35 (4th Cir. 2004)........................................8

Neder v. United States, 527 U.S. 1, 8, 119 S.Ct. 1827, 144
    L.Ed. 2d 35 (1999).............................................................................................8

Rose v. Clark, 478 U.S. 570, 579, 106 S.Ct. 3101, 92
    L.Ed.2d 460 (1986).............................................................................................8

Chapman v. California, 386 U.S. 24, 87 S.Ct. 828....................................................9

U.S. v. Mechanik, 475 U.S. 66, 72 106 S.Ct. 938, 942, 89
    L.Ed.2d. 50 (1986).............................................................................................9

Fullwood v. Lee, 290 F.3d 663, 679 (4th Cir. 2002)..................................................9

**State Cases:**

Commonwealth v. Robinson, 864 A.2d 460, 471-80 (Pa. 2004) ..............................4

**State Statutes:**

42 Pa.C.S. §9711........................................................................................................4

## STATEMENT OF THE ISSUE

Whether the Pennsylvania Supreme Court's determination that the trial court was under no obligation to instruct the jury on Mr. Robinson's parole ineligibility, contrary to the requirements of <u>Simmons v. South Carolina</u>, 512 U.S. 154 (1994), constitutes harmless error under <u>Brecht v. Abrahamson</u>, 507 U.S. 619 (1993)?

## STATEMENT OF THE CASE

*a. Procedural Posture*

On April 1, 2022, Robinson filed an application for a Certificate of Appealability (COA) in this Court. On August 30, 2022, this Court granted the COA only with respect to the defense claim that the Pennsylvania Supreme Court acted contrary to, or unreasonably applied, <u>Simmons v. South Carolina</u> when it determined that the trial court was not obligated to instruct the jury regarding Robinson's parole ineligibility. Further, this Court directed the parties to address whether any failure by the trial court to provide a proper <u>Simmons</u> instruction constitutes harmless error under <u>Brecht v. Abrahamson</u>, 507 U.S. 619 (1993), and invited the parties, in addressing the harmlessness question, to examine whether the trial court's reformulated response to the jury question cured any prior lack of a <u>Simmons</u> instruction.

*b. Relevant Facts*

After a jury trial conducted from October 10 through November 8, 1994, a jury found Appellant guilty of three murders of the first degree amongst a host of related charges relating to the rapes and murders of Joan Burghardt, Charlotte Schmoyer, and Jessica Jean Fortney.

During the sentencing phase, the jury found the following aggravating circumstances in each case: (1) the killing was committed during the perpetration of a felony; (2) Appellant had a significant history of felony convictions involving the use or threat of violence; and (3) Appellant "has been convicted of another murder committed in any jurisdiction and committed either before or at the time of the offense at issue." The jury found the additional aggravating circumstance of "torture" in the Burghardt and Schmoyer homicides.

The jury also found the following as mitigating circumstances pursuant to the "catch-all" provision of 42 Pa.C.S. §9711: (1) "family background and environment;" (2) "use of alcohol and drugs;" and (3) "school history."

The grisly nature of the crimes was readily apparent through the evidence presented over the course of the nearly month-long trial and were recited at length in Commonwealth v. Robinson, 864 A.2d 460, 471-80 (Pa. 2004).

The autopsy on Ms. Burghardt revealed that she had been sexually assaulted and bludgeoned to death by thirty-seven individual blunt force injuries to her scalp,

causing extensive skull fractures and damage to her brain. The weapon was a circular, cylindrical instrument about one-half to three-quarter inches in diameter with a smooth surface and about ten to twenty inches long. The force of the blows was so deliberate and tremendous that, as the instrument came down, it embedded hair between the fracture and skull. Ms. Burghardt also had defensive injuries on both hands, evidencing that she was alive and attempting to protect herself from her assailant.

Regarding Ms. Schmoyer, an autopsy revealed twenty-two stab wounds, sixteen in the back (including seven that were fatal), and six in the front area of the neck (of which any combination of one or three would have been fatal). In addition, there were cutting and scraping wounds in the neck area, indicating they were inflicted while the victim was conscious and her neck bent down as a protective measure, and seven more cuts to the back of the sweatshirt, indicating that some struggle occurred in that the sweatshirt was cut but the body was not penetrated. The weapon was a single-edged knife about four inches long. At least two of the wounds were up to the hilt of the blade.

In Ms. Fortney's case, the autopsy revealed that she died as a result of suffocation by strangulation (probably manual) and blunt trauma. There were in excess of fifty different injury patterns, many of them compatible with being beaten by a closed fist about the face. Some of them indicated an object, such as a ring, on

her assailant's hands. Other injury patterns revealed that Fortney's attacker placed his knees on her during the beating, causing her blood to spatter on the wall, lampshade, and himself.

At the conclusion of the sentencing phase of the trial, post jury instructions, the following exchange occurred which is the relevant inquiry in this appeal:

> MR. HAEDRICH: On the life in prison, is that without parole, just so we're sure? Would there be a chance of parole if it was life in prison?
> THE COURT: I don't see how I can guarantee—that's the present law. But what if the legislature changes the law? I can't guarantee that. That's the way the law is now.
> MR. HAEDRICH: Just so we know, Your Honor.
> THE COURT: Who knows two years from now if they'll change the law. I can't tell you.

209a–210a.

The prosecutor immediately asked for a sidebar conference, where both he and Mr. Robinson's counsel argued to the court that the court's instruction was improper and that the court needed to instruct the jury that "life is life." *Id*. After the lawyers' objections, the court said to the jury:

> THE COURT: "I'm to tell you, and it's accurate, **'Life is life.' There won't be any parole. Life is life**."

211a (emphasis added).

## SUMMARY OF ARGUMENT

A *Simmons* error, such as the one attributed to the trial court in this case, is subject to harmless error analysis, just like most other Constitutional issues. Applying the harmless error standard set forth in <u>Brecht v. Abrahamson</u>, 507 U.S. 619 (1993): 'whether the error in question had substantial and injurious effect or influence in determining the jury's verdict,' makes it clear that any error made by the trial court in this case was harmless.

This jury heard extensive evidence of Robinson's crimes over the course of the nearly month-long trial. The evidence supporting the aggravating factors set forth by the Commonwealth was compelling and overwhelming. Further, any error made by the trial court was corrected almost immediately when the trial court reformulated its response to the juror's question about life without parole.

The trial court's two isolated statements:

> THE COURT: I don't see how I can guarantee—that's the present law. But what if the legislature changes the law? I can't guarantee that. That's the way the law is now.
> MR. HAEDRICH: Just so we know, Your Honor.
> THE COURT: Who knows two years from now if they'll change the    law. I can't tell you.

Arrayed against the vast body of evidence presented over the course of this trial, these two, isolated statements cannot reasonably be said to have had a substantial and injurious effect on this jury's verdict. This is particularly true when, moments after this statement was made, the trial court corrected itself, stating:

7

>THE COURT: "I'm to tell you, and it's accurate, 'Life is life.' There won't be any parole. Life is life."

Accordingly, as any trial court error here is harmless, Mr. Robison is not due relief and this appeal should be denied and dismissed.

# ARGUMENT

I. *Any Simmons error made by the trial court in instructing this jury was cured by the reformulated instruction given and, in any event, was harmless.*

Although the defense debates the applicability of harmless error analysis to Simmons claims, that debate is settled by Richmond v. Polk, 375 F.3d 309, 334-35 (4th Cir. 2004). As Polk notes: the Supreme Court has recognized that "most Constitutional errors can be harmless". Neder v. United States, 527 U.S. 1, 8, 119 S.Ct. 1827, 144 L.Ed. 2d 35 (1999). The Neder Court further noted, "if the defendant had counsel and was tried by an impartial adjudicator, there is a strong presumption that any other [constitutional] errors that may have occurred are subject to harmless-error analysis," *id.* (quoting Rose v. Clark, 478 U.S. 570, 579, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986)).

Under Brecht v. Abrahamson, 507 U.S. 619 (1993), the test for harmless error is whether the error in question "had substantial and injurious effect or influence in determining the jury's verdict." The Brecht Court noted that granting habeas relief

8

based upon mere reasonable possibility that a given error affected the verdict is not in line with the purpose of habeas corpus. *Id.* (see Chapman v. California, 386 U.S. 24, 87 S.Ct. 828). Habeas was originally intended to afford relief to those whom society has "grievously wronged." U.S. v. Mechanik, 475 U.S. 66, 72 106 S.Ct. 938, 942, 89 L.Ed.2d. 50 (1986).

In applying *Brecht*'s harmless error analysis, a habeas petition should succeed only when the court is in "grave doubt" as to the harmlessness of the error. Fullwood v. Lee, 290 F.3d 663, 679 (4th Cir. 2002). " 'Grave doubt' exists when, in light of the entire record, the matter is so evenly balanced that the court feels itself in 'virtual equipoise' regarding the error's harmlessness." *Id.*

In light of the circumstances surrounding Robinson's crimes here, it is highly unlikely that the jury would have declined to impose the death penalty under any circumstances. There were three (3) murder victims and a fourth victim, Denise Sam-Cali, who was brutally raped and beaten. The jury found that Robinson had tortured Ms. Burghardt and Ms. Schmoyer. Ms. Burghardt was bludgeoned thirty-seven (37) times with a blunt object to her skull, hitting hard enough to imbed hair into her skull. While Ms. Schmoyer, abducted from her paper route, was dragged into the woods, raped and stabbed twenty-two (22) times while she fought desperately for her life.

Ms. Fortney had over fifty (50) different injury patterns and was strangled to

death in her home. For nearly an entire month, this jury heard these details and more. They were more than equipped at the time of sentencing to make an informed decision. While it is true that the trial court made a single, unfortunate statement at the conclusion of jury instructions suggesting that the law could possibly change in the future, this was of little moment in the full context of the weight and quantity of the body of evidence this jury possessed.

Furthermore, counsel for the Commonwealth, recognizing the irregularity, *immediately* jumped up and requested that the court remedy its erroneous statement to the jury. Then, the trial court did precisely that: the court instructed that, "Life is life. There won't be any parole. Life is life." This was an unequivocal, legally sufficient curative statement made immediately after the maligned comment.

As such, any error made by the court initially was cured by the reformed instruction and was, in any event, harmless error.

## **CONCLUSION**

In conclusion, as any error by the trial court was cured by its reformulated jury instruction and was, in any event, harmless, this Court should affirm the district court's denial of the petition for writ of habeas corpus.

Respectfully submitted,

JAMES B. MARTIN
District Attorney

JEFFREY D. BURD
Chief Deputy District Attorney

　_/s/ Heather F. Gallagher_
HEATHER F. GALLAGHER
Chief of Appeals
Office of the District Attorney
Lehigh County Court House
455 W. Hamilton Street
Allentown, PA  18101
Tel. No.  (610) 782-3100

*Attorneys for Appellee*

## **CERTIFICATE OF BAR MEMBERSHIP**

    I hereby certified that I am a member in good standing of the bar of the United States Court of Appeals for the Third Circuit.

Date:  June 26, 2023                  */s/ Heather F. Gallagher*
                                                           Chief of Appeals

## **CERTIFICATE OF IDENTICAL TEXT COMPLIANCE**

    I hereby certify that the text of the electronic (.pdf) copy of the *Brief for Appellee*, which we filed through cm/ecf procedures in your court today, is identical to the text of the original unbound and seven (7) bound hard copies of briefs we will mail in your court.

Date:  June 26, 2023                  */s/ Heather F. Gallagher*
                                                           Chief of Appeals

## **VIRUS SCAN CERTIFICATE**

    The attached briefs have been automatically scanned during preparation and upon sending by the following virus detection programs:  Trend Micro Apex One, and no viruses were detected.

Date:  June 26, 2023                  */s/ Heather F. Gallagher*
                                                           HEATHER F. GALLAGHER
                                                           Chief of Appeals
                                                           Office of the District Attorney
                                                           Lehigh County Court House
                                                           455 West Hamilton Street
                                                           Allentown, PA  18101
                                                           Tel. No.  (610) 782-3100
                                                           *Attorney for Appellee*

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

| | | |
|---|---|---|
| **HARVEY ROBINSON,** | : | **CIVIL ACTION** |
| Petitioner/Appellant | : | No. 21-9001 |
| | : | |
| vs. | : | **E.D. Pa. Civ.** |
| | : | No. 2:06-cv-00829 |
| **SECRETARY, PENNSYLVANIA DEPT.** | : | |
| **OF CORRRECTIONS,** *et al.*, | : | |
| Respondents/Appellees | : | **CAPITAL CASE** |

## CERTIFICATE OF SERVICE

I, Heather F. Gallagher, Esquire, hereby certify that on this date, I have served a true and correct copy of the attached *Brief for Appellee* through the court's cm/ecf procedures upon the person(s) and in the manner indicated below:

**Copy will be delivered via Electronic-Mail through cm/ecf procedures to:**

Eric Montroy, Esquire
Assistant Federal Defender
Federal Community Defender Office
601 Walnut Street, Suite 545W
Philadelphia, PA 19106
Tel. No. (215) 928-0520
*Counsel for Appellant*

**Dated: June 26, 2023**

                                                  */s/ Heather F. Gallagher*
                                                  Chief of Appeals
                                                  Office of the District Attorney
                                                  455 W. Hamilton Street
                                                  Allentown, PA  18101
                                                  *Attorney for Appellees*